(72 App. Div. 172.)

### BOWSKY v. CIMIOTTI UNHAIRING CO. et al.

(Supreme Court, Appellate Division, First Department.   May 23, 1902.)

1. LIBEL—PRIVILEGED COMMUNICATION—INFRINGEMENT OF PATENTS.

    A signed publication in a trade journal by one engaged in unhairing furs, that he has commenced suit against one engaged in a similar business for infringing patents used in such business which have been sustained by the courts, and that further infringements by such defendant, or by his customers in sending furs to him to be unhaired, will be prosecuted, is privileged, and not libelous, when the facts so stated are true.

2. SAME—CONSTRUCTION OF PUBLICATION.

    Such publication cannot be construed as a charge that the patents have been sustained in an action against plaintiff, and therefore does not require the submission of the issue of the truth of such a statement.

Appeal from trial term.

Action for libel by Max Bowsky against the Cimiotti Unhairing Company and another.   From a judgment on a verdict directed for defendants, the plaintiff appeals.   Affirmed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Henry Schreiter, for appellant.

Robert Goeller, for respondents.

PATTERSON, J.   This is an action for libel, and on the trial the justice presiding directed a verdict for the defendant on the ground that the alleged libelous matter was privileged, and that justification, which was pleaded, had been fully made out.   The circumstances appearing in evidence are the following:   The plaintiff was engaged in the business of refining furs, and in that business he used certain machines for unhairing such furs.   The defendant corporation was the owner of certain patents for unhairing skins, and the defendant Cimiotti was the president of that company.   The patents were No. 383,258, granted to one Sutton, and also a reissue, No. 11,079, granted to one Hedbavny. It seems that the plaintiff was using machines which the defendants considered to be infringements of the patents owned or controlled by the Cimiotti Company, and thereupon, on the 8th of July, 1898, that company caused to be published in a trade newspaper called the Fur Trade Review, and also circulated through the trade, an article or circular in the following words:

"To the Trade: This is to advise you that in a suit instituted by us in the U. S. circuit court for the Eastern district of New York against John Derbohlow for infringing U. S. letters patent No. 536,742, granted to John Sutton, April 2, 1895, a decision was rendered by Judge Lacombe a few days ago sustaining this patent, and granting an accounting and a perpetual injunction against the defendant.   We have recently commenced suit against Max Bowsky for infringement of our electric unhairing patent reissue No. 11,079, granted to Hedbavny, May 27, 1890, and of the Sutton patent No. 383,258, of May 22, 1888, both of which have already been sustained by the courts; and we propose to proceed promptly against any further infringers of these or any other patents owned or controlled by us.   The validity of our patents having now been repeatedly passed upon by the courts, we hereby notify all infringers that they will be held responsible for treble damages, and that we shall prosecute them to the full extent of the law; and in order that we may not be misunderstood, we desire the trade to take notice that a dealer who causes skins to be unhaired on infringing machines, whether

on his own machines or by his own workmen, or on machines operated by others, is guilty of infringement.

"Yours respectfully,                    Cimiotti Unhairing Company."

The plaintiff insists that libelous matter is contained in this circular; that it implied that the plaintiff was an infringer of the letters patent, and that the validity of the letters patent had previously been adjudicated, and that the plaintiff operated machines infringing the letters patent; that the allegations of the circular were false, and were published with the intent to deter those who had previously dealt with, or who would deal with, the plaintiff.

The matter contained in this article is in its nature of a privileged character. The defendant corporation was the owner of these patents, and it was, therefore, interested in the preservation of its rights under them. The communication made to the fur trade was evidently one for the protection of the interest of the corporation, and was perfectly legitimate in its character, unless there were false representations contained in it. A privileged communication is one fairly made by a person charged with some public or private duty, legal or moral, or in the conduct of his own affairs in a matter where his interest is concerned. This definition is adopted in John W. Lovell Co. v. Houghton, 116 N. Y. 521, 22 N. E. 1066, 6 L. R. A. 363. The facts upon which the defendants claim that the article was privileged are uncontradicted, and hence the question of privilege became one of law. On that uncontradicted evidence, every statement contained in the circular is shown to be substantially true. The defendant corporation owned or controlled the patents designated in that circular; an action had been begun against the plaintiff for infringement; the plaintiff was using machines which conflicted with the patents of the defendant corporation; those patents had been adjudged to be valid, as was shown by decrees of the United States circuit court establishing the validity of each of those patents in actions against other persons. The article or circular does not declare that the validity had been established in a suit against Bowsky, but only that he had been sued for an infringement of patents which had already been sustained by the courts, and other parts of the article only refer to what the defendant corporation would do in the way of prosecuting infringers, and what would be the effect of proceedings instituted against such infringers. All the material matters contained in the articles, therefore, were shown to be true, and justification of the publication was made; and whether it be regarded as a privileged publication or one justified by the facts, the action of the court below in dismissing the complaint was right.

The claim of the plaintiff that the action should have been retained and submitted to the jury because of the alleged falsity of the article in charging that the validity of the patents had been established as against Bowsky is not tenable. The article does not so charge. It is, in substance, merely a statement that the validity of the patents has been established in several suits, and that a suit had been brought against the plaintiff for infringing patents which had already been sustained by the courts. Nothing is said concerning what had been done in the suit against the plaintiff, and the defendants were entirely within their right when they gave this form of notice to the public for the

protection of those patents which had been adjudicated in other actions to be valid. They were stating the truth and nothing beyond it.

The court below was right in directing a verdict, and the judgment should be affirmed, with costs. All concur.